EAGAN, Judge.
The defendant, Mohegan Tribal Gaming Authority has filed a Substitute Motion to Dismiss dated April 30, 2002, alleging that the plaintiffs claim is time-barred pursuant to Section 11 of the Mohegan Torts Code (Ordinance 98-1). The plaintiff filed an Objection to Motion to Dismiss dated April 80, 2002.
PROCEDURAL AND FACTUAL BACKGROUND
The plaintiffs complaint dated November 15, 2001, seeks damages as a result of an incident allegedly occurring on September 5, 2000, in which an employee of defendant “bumped into the plaintiff’, causing her to Ml and strike her face. The complaint contains a file stamp date of November 16, 2001, in the Gaming Disputas Trial Court. Appended to the Complaint is a Notice of Claim dated March 16, 2001, having a Gaming Disputes file stamp date of March 23, 2001. Based upon these undisputed facts, the defendant claims its right of dismissal of the case.
LEGAL STANDARD
Since the incident occurred on September 5, 2000, the applicable law is Section 11 of Ordinance 98-1 entitled Limitation on Presentation of Claim. Section 11 provides that “All claims shall be filed within 180 days of the date on which they accrued. Claims brought under this ordinance shall be deemed to acense on the date when the injury is sustained.” A claim is defined as a petition for an award under the ordinance. Section 2(e) Mohegan Torts Code (Ordinance 98-1).
Section 9 of Ordinance 98-1 provides as a separate requirement that a Notice of Claim also be given within the same 180 day period and served by registered or certified mail upon the Mohegan Tribal Gaming Authority. Under Chapter 3, Section 6 of the Court Rules of Civil Procedure, an action is commenced pursuant to the Mohegan Torts code by filing a Notice of Claim and a Claim with the Gaming Disputes Trial Court together with the required filing fee.
DECISION
The defendant’s Substitute Motion to Dismiss is hereby granted. Neither the plaintiffs Notice of Claim, nor her Claim as contained in the complaint on file with the Court, was filed within the 180 day time period as required by the applicable Torts Code. Additionally, the form Notice of Claim signed by the plaintiff clearly states that a claim must also file a claim within 180 days of the date on which the claim accrued. The plaintiffs complaint is *509 clearly not timely and, therefore, must be dismissed.